IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-45,876-07






EX PARTE PRESTON HUGHES, III









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

FROM CAUSE NO. 511676 IN THE 174TH DISTRICT COURT

HARRIS COUNTY




 Per Curiam.


O R D E R



 This is a subsequent application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In May 1989, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. On original
submission on direct appeal, this Court reversed applicant's conviction. However, on
rehearing, the Court affirmed applicant's conviction and sentence. Hughes v. State, 878
S.W.2d 142 (Tex. Crim. App. 1993). Applicant filed his initial post-conviction application
for writ of habeas corpus in the convicting court on October 21, 1990. This Court denied
applicant relief. Ex parte Hughes, No. WR-45,876-01 (Tex. Crim. App. Sept. 13, 2000)(not
designated for publication). Applicant's first subsequent habeas application was filed in the
trial court on April 24, 2001, and this Court dismissed it on November 14, 2001. Ex parte
Hughes, No. WR-45,876-02 (Tex. Crim. App. Nov. 14, 2001)(not designated for
publication). Applicant filed his second subsequent habeas application in the trial court on
July 3, 2012. After filing and setting a Penry claim, this Court denied applicant relief on that
claim and dismissed his second claim. Ex parte Hughes, No. AP-76,869 (Tex. Crim. App.
Aug. 29, 2012)(not designated for publication). This, applicant's third subsequent
application, was filed in the trial court on October 29, 2012. 

 In his application, applicant raises four claims. In three of his claims, applicant makes
allegations of perjury and falsification of evidence. In the fourth claim, applicant asserts that
his various counsel were ineffective for failing to discover the information contained in the
first three claims. Applicant's claims do not meet the dictates of Article 11.071, § 5. 
Accordingly, we dismiss the application as an abuse of the writ without considering the
merits of the claims. 

 IT IS SO ORDERED THIS THE 5th DAY OF NOVEMBER, 2012.

Do Not Publish